**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| KENNETH HARP,<br><br>          Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Serve: c/o Corporation Service Company<br>        100 Shockoe Slip, Fl. 2<br>        Richmond, VA 23219<br><br>          Defendant. | Case No. 2:20-cv-00542<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. §227<br>2. Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Kenneth Harp ("Plaintiff" or "Mr. Harp"), by and through his attorneys, alleges the following against Defendant Portfolio Recovery Associates, LLC ("PRA"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, and restricts the use of automatic dialers or prerecorded messages.

2. Count II of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*. The FDCPA prohibits abusive and harassing conduct from debt collectors when attempting to collect on consumer debt.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 47 U.S.C. §227, 15 U.S.C. §1692k, and 28 U.S.C. §§1331, 1367.

4. Federal question jurisdiction exists because PRA's conduct violates Mr. Harp's rights under the TCPA and FDCPA, both of which are federal statutes.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that PRA resides in the Eastern District of Virginia, Norfolk Division.

6. PRA has a principal place of business within the geographic boundaries of the Eastern District of Virginia. Therefore, personal jurisdiction and venue are established.

## PARTIES

7. Mr. Harp is a natural person residing in Hampstead, Carroll County, Maryland.

8. Mr. Harp is a "consumer" as defined under 15 U.S.C. §1692a(3).

9. PRA is a debt collection agency engaged in the business of contacting debtors and collecting outstanding debts with its headquarters located in Norfolk, VA.

10. PRA is a "debt collector" as defined under 15 U.S.C. §1692a(6).

11. PRA acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. In or around February 2019, PRA began attempting to collect a debt allegedly owed by Mr. Harp by calling him on his cellular phone.

13. The debt is a "debt" as defined under 15 U.S.C. §1692a(5) as it is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in

which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

14. On or about September 4, 2019, Mr. Harp received a call on his cellular telephone from (757) 516-9704. Mr. Harp answered the call and heard a short pause before the representative began to speak, indicating the use of an automatic telephone dialing system.

15. During the call, Mr. Harp stated that he did not have any money and that his wife was the only one working at the moment. Mr. Harp then requested that he only be contacted by mail and when he could make a payment, he would call PRA.

16. Despite Mr. Harp's request for PRA to stop calling him, and despite having actual knowledge that Mr. Harp was struggling financially, PRA began a harassment campaign by calling him on his cellular telephone relentlessly for over a year.

17. On or about December 18, 2019, Mr. Harp received a call to his cellular telephone from (302) 246-1235. Mr. Harp answered the call and heard a short pause before the representative began to speak, indicating the use of an automatic telephone dialing system.

18. During the call, Mr. Harp stated that he could not make a payment and again requested to be contacted by mail. Despite this conversation, PRA continued to place daily automated debt collection calls to Mr. Harp cell phone.

19. Between September 4, 2019 and August 27, 2020, PRA called Mr. Harp on his cellular telephone approximately **ONE-HUNDRED AND FIFTY (150)** times, after Mr. Harp requested to be contacted by mail only on two separate occasions.

20. PRA called Mr. Harp almost every day, including weekends.

21. Upon information and belief, PRA also called and texted or attempted to call and text friends and family of Mr. Harp with the intention that they would communicate to him that PRA was attempting to collect a debt from him, causing Mr. Harp additional embarrassment and distress.

22. Upon information and belief, PRA called Mr. Harp and delivered prerecorded or artificial voice messages.

23. Upon information and belief, PRA's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

24. PRA's conduct was not only willful but was deliberately done with the intention of causing Mr. Harp such distress, so as to induce him to pay the debt or pay more than he was able to pay.

25. PRA's conduct could reasonably be expected to threaten or harass Mr. Harp.

26. PRA's intrusion upon Mr. Harp seclusion was highly offensive to the reasonable person, oppressive, outrageous, and exceeded reasonable collection efforts.

27. Each and every one of PRA's telephone calls caused Mr. Harp distraction and temporary loss of use of his telephone line.

28. PRA was aware that Mr. Harp was going through a hardship, requested that he only be contacted through the mail, and despite this, intentionally continued to bombard Mr. Harp with daily automated collection calls so as to cause him harm.

29. PRA's conduct was especially unreasonable because shortly after Mr. Harp explained he could not pay, a situation that could not be resolved in such a short time, PRA called Mr. Harp relentlessly.

30. As a result of PRA's conduct, Mr. Harp has sustained actual damages

including but not limited to, stress, anxiety, embarrassment, frustration, emotional and mental pain, anguish, headaches and sleeplessness.

## COUNT I
### Violations of the TCPA, 47 U.S.C. §227

31. Plaintiff incorporates by reference the foregoing paragraphs as fully stated herein.

32. PRA violated the TCPA. PRA's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, PRAs violated 47 U.S.C. §227(b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b. Within four years prior to the filing of this action, on multiple occasions, PRAs violated 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party . . ."

   c. Within four years prior to the filing of this action, on multiple occasions, PRA willfully and/or knowingly contacted Plaintiff on his cellular telephone using

an artificial prerecorded voice or an automatic telephone dialing system and as such, PRA knowing and/or willfully violated the TCPA.

33. As a result of PRAs' violations of 47 U.S.C. §227, Plaintiff is entitled to declaratory judgment that PRA's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to §227(b)(3)(B). If the Court finds that PRA knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to §227(b)(3)(B), (C).

## COUNT II
### Violations of the FDCPA, 15 U.S.C. §1692 *et seq*.

34. Plaintiff incorporates by reference the foregoing paragraphs as fully stated herein.

35. PRA violated the FDCPA. PRA's violations include, but are not limited to the following:

   a. Engaging in any conduct the natural consequence of is to harass, oppress, or abuse any person in connection with the collection of a debt. §1692d.

   b. Causing a phone to ring or engaging a person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass. §1692d(5).

   c. Using unfair or unconscionable means to collect or attempt to collect any debt. §1692f.

36. The FDCPA provides a consumer with a private right of action against a debt collector for both actual and statutory damages and allows the consumer to recover his reasonable attorneys' fees and costs. §1692k(a).

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Kenneth Harp respectfully requests judgment be entered against Defendant Portfolio Recovery Associates, LLC for the following:

A. Declaratory judgment that PRA violated the TCPA and the FDCPA;

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §(b)(3)(B);

C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B), (C);

D. Actual, statutory and punitive damages pursuant to 15 U.S.C. §1692k(a)(1), (2)(A);

E. Attorneys' fees and court costs pursuant to 15 U.S.C. §1692k(a)(3);

F. Punitive damages to be determined at trial based upon the heinous and egregious nature of PRA's conduct;

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

///

///

///

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED, |
|  | **Kenneth Harp** |
| Dated: October 31, 2020 | By: _____/s/_____ <br> Susan M. Rotkis (VSB: 40693) <br> PRICE LAW GROUP, APC <br> 382 S. Convent Ave. <br> Tucson, AZ 85701 <br> T: (818) 600-5533 <br> F: (818) 600-5433 <br> E: susan@pricelawgroup.com <br> *Attorneys for Plaintiff,* <br> *Kenneth Harp* |